UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANIRA GONZALEZ,

               Plaintiff,

-against-

APTTUS CORPORATION,

               Defendant.

21-CV-1194 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se* and having paid the relevant fees, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and City Human Rights Laws, alleging that her former employer discriminated and retaliated against her based on her sex, age, and disability. For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

## DISCUSSION

Title VII's venue provision, in relevant part, states that:

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

    The ADA incorporates Title VII's venue provision. *See* 42 U.S.C. § 12117(a); *Martinez v. Bloomberg, LP*, 740 F.3d 211, 228 (2d Cir. 2014).

Claims brought under the ADEA are governed by the general venue provision, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enterprises, LLC*, No. 15-CV-3915, 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA'S] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims). Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, § 1391(c)(1), and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Under both Title VII's and the general venue provisions, this District is not a proper venue for this action, because the events giving rise to Plaintiff's claims occurred in San Mateo, California, and she does not allege that Defendant resides in this District. According to the complaint, Defendant resides in San Mateo, California, and Plaintiff was employed in San Mateo, although she now resides in Brooklyn, New York. Plaintiff does not allege that the unlawful employment practices occurred in New York, or that she would have worked in New York but for the unlawful employment practices.[1] Rather, Plaintiff's claims arose in San Mateo,

---

[1] Attachments to the complaint show that the notice of right to sue from the Equal Employment Opportunity was issued by the San Francisco, California office, and that Plaintiff also filed a discrimination complaint with the California Department of Fair Employment and Housing. (ECF 1-3, 1-4.)

California, where Defendant resides and where Plaintiff was employed. As San Mateo, California is located within the Northern District of California, see 28 U.S.C. § 84(a), venue lies in that district.

When a plaintiff brings an action in a district where venue is improper, the Court must either dismiss the action or transfer it to a district court where venue is proper. See 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. D. Co. for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013). As venue lies in the Northern District of California, this action is transferred to the United States District Court for the Northern District of California. See 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. A summons shall not issue from this Court. This order closes this case.

Plaintiff has consented to receive electronic service. (ECF 2.)

Although Plaintiff paid the filing fees for this action, the Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 10, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge